UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STOCKWOODCO, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-00279-KES-EPG<br><br>ORDER REQUIRING SUPPLEMENT IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS STOCKWOODCO, INC. AND NAT STOCK<br><br>(ECF No. 29) |

Plaintiff Ohio Security Insurance Company seeks a declaratory judgment that it owes no duty to defend or indemnify Nat Stock (the president and sole owner of Stockwoodco, Inc.) or Stockwoodco, Inc. (collectively, the relevant Defendants for purposes of this order) in a pending state court case. (ECF No. 1, p. 1). Before the assigned District Judge, there is a pending motion for judgment on the pleadings filed by Plaintiff that Defendants have opposed. (ECF Nos. 23, 26).

This matter is now before the Court on the motion of Defendants' attorneys—Jay Christofferson and Nathan Martin to withdraw—to withdraw as counsel, generally because Defendants have allegedly failed to pay their attorney fees and communicate with counsel. (ECF No. 26). The motion is set for a hearing on February 21, 2025, before the undersigned. Upon review, the Court will vacate the hearing and require a supplement in support of the motion.

As an initial matter, the motion to withdraw was noticed for an improper date. Under Local Rule 230(b), a "matter shall be set for hearing on the motion calendar of the Judge or

Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than thirty-five (35) days after service and filing of the motion." Here, the hearing was noticed for a date about three weeks from the filing of the motion. Thus, the hearing date will be vacated, with counsel directed to notice a new hearing date in a supplement to the motion.

Next, Local Rule 182(d) governs withdraw of counsel in these circumstances:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. **The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.** Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. LR 182(d) (emphasis added).

Here, Attorney Christofferson has provided a declaration stating that "I am aware that Nat Stock's current or last known address is P.O. Box 446, Auberry, CA 93602; Phone No.: 323-314-7100; and E-mail: stockwoodco@gmail.com." (ECF No. 29-1). Presumably, this is also the proper address for Stockwoodco, Inc., but counsel should clarify this in a declaration provided with the supplement.

While the declaration and motion generally indicate that counsel has tried to communicate with Defendants and has warned them of possible withdrawal, there is nothing in the declaration addressing the efforts made to notify Defendants of the motion to withdraw itself. Accordingly, counsel shall address this in a declaration filed with the supplement.

Additionally, the Court will direct counsel to serve a copy of this order on Defendants, and Defendants are advised that, if the motion to withdraw is ultimately heard and granted, "[a] corporation must be represented by counsel," and they should be prepared to address whether they intend to obtain new counsel. *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016).

Accordingly, IT IS ORDERED as follows:

1. The February 21, 2025 hearing date is vacated.

2. By no later than February 5, 2025, counsel shall serve a copy of this order on Defendants and file proof of service on the docket.

3. By no later than February 5, 2025, counsel shall file a supplement in support of the motion to withdraw that (1) sets a properly noticed hearing and includes a declaration (or affidavit) (2) providing an address for each Defendant and (3) specifying the efforts made to let each Defendant know about the motion to withdraw (including the noticed hearing date).

4. The Court will permit telephonic appearances at the to-be-noticed hearing, with the parties to use the following new dial-in information: To connect to the telephonic conference, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed #, and (5) enter *6 to unmute.

5. Defendants Nat Stock and Stockwoodco, Inc.[1] are required to attend the to-be-noticed hearing, and if they fail to do so, they are advised that the motion to withdraw may be granted without giving them a further opportunity to respond to the motion.

IT IS SO ORDERED.

Dated: **January 29, 2025**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Stockwoodco, Inc. can appear through an appropriate representative of the company.

3